## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No.  CR-08-166-D |
| | ) | CIV-13-217-D |
| ANTONIO DJUAN THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF DISMISSAL

Before the Court is Defendant's March 4, 2013 Motion [Doc. No. 81] to Vacate, Set Aside or Correct Sentence, pursuant to 28 U. S. C. § 2255(f)(3).  Defendant, appearing *pro se*, seeks relief from a sentence imposed by this Court in 2009.  After his conviction and sentence were affirmed on appeal,[1] he sought relief pursuant to § 2255, and the motion was denied.  *See* Order of June 15, 2012 [Doc. No. 71].  On January 14, 2013, Defendant filed another motion for relief pursuant to § 2255 [Doc. No. 73].  However, he moved to withdraw that motion, and his motion to withdraw was granted by Order of  January 30, 2013 [Doc. No. 78].

On February 22, 2013, Defendant filed a request [Doc. No. 79] with the Tenth Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.  On February 25, 2013, the Circuit denied authorization, finding Defendant had not demonstrated a basis for such authorization, as required by 28 U. S. C. § 2255(h).  *See In re: Antonio Djuan Thompson,* No. 13-6041, Order (10th Cir. Feb. 25, 2013) (unpublished).  Defendant's current motion [Doc. No. 81] for § 2255 relief was filed approximately one week after the Circuit denied his request.

Without prior authorization from the Tenth Circuit Court of Appeals, this Court lacks subject

---

[1]*United States v. Thompson*, 402 F. App'x 378, 386 (10th Cir. 2010) (unpublished opinion).

matter jurisdiction to consider Defendant's motion. *United States v. Nelson,* 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). Where a § 2255 motion is filed without the Circuit's authorization, the Court may transfer the matter to the Circuit for consideration "if it determines it is in the interest of justice to do so under [28 U. S. C. ] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline,* 531 f.3d 1249, 1252 (10th Cir. 2008). Factors to be considered in determining whether a transfer is in the interest of justice include "whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *Cline*, 531 F.3d at 1252.

In this case, the Court finds that a transfer is not in the interest of justice because the Tenth Circuit has denied Defendant's request to file a second or successive § 2255 motion, and the Circuit explained its reasons for that denial in an order which was filed only a few days before Defendant filed the current § 2255 motion. A transfer at this time would unnecessarily burden the Circuit. Under the circumstances, the Court finds that the proper disposition of this matter is a dismissal for lack of jurisdiction. Accordingly, Defendant's motion [Doc. No. 81] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 8th day of March, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE